THE TOWNSHIP OF WOODBRIDGE

v.

THE RARITAN TRACTION COMPANY.

[Filed October 28th, 1902.]

Traction act of 1893, section 1 (Gen. Stat. p. 3235), requires a street railroad corporation, before using any street or highway, to obtain the consent of the governing body "of the township or county" within which the street or highway used is located.   Act of 1894 (Gen. Stat. p. 3247) provides that, in addition to the restrictions prescribed by law, no street railroad shall be constructed in any street in any municipality, town, township, village or borough without the consent of its governing body, and act of 1896 (P. L. of 1896 p. 329) requires the consent of the governing bodies of cities, towns and villages, and declares that if any board or public authority other than the governing body of such municipality, town or village shall have control of any of the streets or highways over which the tracks are to be located, the consent of such other body or public authority shall also be obtained.—Held, that though under the act of 1893, the consent of the governing body "of the township or county" only need be obtained, the subsequent acts required the consent of both county and township or other municipality within the territory in which the railroad lines were proposed to be built.

*Mr. J. H. Thayer Marlin,* for the complainant.

*Mr. Edward Q. Keasbey* and *Mr. Richard V. Lindabury,* for the defendant.

STEVENS, V. C.

This seems to me to be a plain case. The defendant company, on July 21st, 1900, filed an extension of its route along what was called New road—a highway in Woodbridge township, which is a continuation of State street in Perth Amboy. Owing, I suppose, to the fact that the highway was not graded, the company elected to change its route as extended, and to construct an electric railway over private property on a line parallel to the highway extending to Woodbridge creek. The board of chosen freeholders has recently constructed a bridge over the creek connecting New road with State street. On October 2d, 1901, the board passed an ordinance giving to the company its consent to construct, operate and maintain a street railway

"in, over and upon the bridge in process of construction over Woodbridge creek, at the northerly terminus of Railroad avenue, now State street in the city of Perth Amboy, and in, over and upon the approaches to said bridge."

One of these approaches is in Woodbridge township and the other in Perth Amboy. The township of Woodbridge objects to the construction of the road over the Woodbridge approach, on the ground that its consent thereto has not been given.

The plan is, by means of a curving track, to extend the present terminus and to get upon the approaches to the bridge without otherwise occupying New road. It is claimed that by doing so the company will not be obliged to get the township's consent. Defendant's contention is that the approaches are part of the bridge, and subject to the exclusive control of the freeholders. The township's contention is that while the consent of the freeholders must be given, the consent of the governing body of the township is also necessary.

The traction company was organized under the Traction act of 1893. *Gen. Stat. p. 3235.* This act (section 1) provides that

no corporation created under it shall enter upon or use any street or other highway for the extension or construction of new lines of railway without the consent, *inter alia,* of the governing body of the township or county into or within the limits of which such line is proposed to be extended or constructed.

The duty of erecting and maintaining bridges devolves upon the board of chosen freeholders. *McKinley* v. *Chosen Freeholders of Union County, 2 Stew. Eq. 164; Whitall* v. *Freeholders of Gloucester County, 11 Vr. 302.* This duty includes the duty of constructing and maintaining its approaches regarded as part of the bridge. *Freeholders of Sussex* v. *Strader, 3 Harr. 108.* The bridge, with its approaches, is a part of the highway. *Proprietors of Bridges* v. *Hoboken Land Improvement Co., 2 Beas. 503; Elmer* v. *Freeholders, 28 Vr. 366; Mahnken* v. *Freeholders, 33 Vr. 405.*

The defendant's argument is that the consent intended by the Traction Company act is the consent of the freeholders, because they are the governing body of the county specially charged with the duty of maintaining bridges. It had been held in a case arising under the act of 1886, which provides for the incorporation of street railways, that the consent of the freeholders to the laying of the tracks must be obtained (*Lewis* v. *Freeholders, 27 Vr. 417*); and the contention is that the like consent is all that need be obtained under the Traction act. The language of the act favors this construction, for the consent is declared to be that of the governing body of the township or county in which the line is to be constructed. It was held in the case last cited that the consent of the freeholders must be obtained, even in the absence of express statutory requirement, for the reason that the freeholders, being charged with the duty of maintenance, could not properly perform that duty unless they could, within reasonable limits, control the mode in which bridges should be used. As the governing bodies of counties are named in the act; as these bodies had exclusive control over bridges, and as the consent of only one body was, in terms, required, it is fair to suppose that the legislature intended to lodge the power of consent where it was lodged before, and to do no more than embody in the form of express enactment what had been theretofore adjudicated.

But this concession does not help the defendant, for we have two other and subsequent acts to deal with—the act of 1894 (*Gen. Stat. p. 3247*) and the act of 1896. *P. L. of 1896 p. 329.* The first of these acts omits all reference to the governing bodies of *counties,* and provides that, in addition to the restrictions "now" required by law, no street railroad shall be constructed in any street, highway or public place "in any municipality, town, township, village or borough" except upon the consent of its governing body, which "may, by ordinance, and not otherwise," grant permission to construct, but only after there shall have been filed with its clerk the consent, in writing, of the "owner or owners of at least one-half in amount in lineal feet of property fronting on the highway." It must be admitted that these provisions do not obviously point to freeholders. The omission to refer to the governing body of counties, as the Traction act had done, the direction that the consent was to be given by *ordinance, and not otherwise,* the requirement relative to consents and the explicit language that these restrictions were *in addition* to those now required by law, would all seem to point to the consent of a municipal corporation, which was to be in addition to the consent of the board of chosen freeholders.

If there was any doubt about this, the act of 1896 has entirely removed it. This act, after requiring, in much the same language as the act of 1894, that the consent of the governing bodies of cities, towns, townships, villages and boroughs should be obtained, together with the written consent of the owners of at least one-half in amount in lineal feet of property fronting on the highway, in its second section uses the following language:

"Provided, however, that if any board, body or public authority, other than the governing body of such municipality, town, township, village or borough, shall have control of any, of the streets and highways in and over which the tracks of such company are located, the consent of such other board, body or public authority shall also be required," &c.

We have in this act two classes of governing bodies, distinctly contrasted with each other. The first section substitutes for the word "municipality," as first used in the act of 1894, the word "city," thus doing away with an ambiguity, if any really existed,

and then specified "towns, townships, villages and boroughs" as being, with cities, the bodies whose consent must be obtained. The second section deals with boards, bodies and public authorities, other than the bodies above named, and says that *their* consent *also* must be obtained. If this act does not provide for a double consent, it seems to me that language is powerless to do it.

I think the complainant is entitled to an injunction.